**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-258-BAJ-DLD** |
| **C HENDERSON CONSULTING, INC., CHARLES HENDERSON and RICHARD BELL** | |

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on a referral from the district court of plaintiff's motion to strike the answer filed by C Henderson Consulting, Inc. (rec.doc. 34) No opposition has been filed.

*Background*

On June 25, 2010, defendants C Henderson Consulting, Inc. and Charles Henderson, appearing herein *pro se*, filed a joint answer to the complaint. (rec.doc.20) On August 18, 2010, the court reviewed the record, and noted that Charles Henderson appeared individually and on behalf C Henderson Consulting, Inc. The court issued an order, stating that while Mr. Henderson may represent himself in this matter, C Henderson Consulting, Inc. can only be represented by a licensed attorney.[1] The court ordered C Henderson Consulting, Inc. to retain legal counsel to represent it in this matter within 30 days, and advised that If C Henderson Consulting, Inc. failed to retain legal counsel to

---

[1] *See* 42 USC §1654; *Donovan v. Road Rangers Country Junction*, 736 F.2d 1004, 1005 (5th Cir. 1984)(a corporation is a fictional legal person and can only be represented by a licensed attorney).

represent it in this matter, it would not be able to appear and defend itself against the claims alleged by the plaintiff. (rec. doc. 24)

***The Instant Motion***

Plaintiff now seeks to strike C Henderson Consulting, Inc.'s answer to the complaint because it cannot appear in proper person as a corporation, and it failed to retain legal counsel on its behalf. (rec. doc. 34-1)

The court has reviewed the record, and notes that the answer was filed as the "joint and several answer" of the defendants C Henderson Consulting, Inc. and Charles Henderson, but that the portions that pertained to Charles Henderson were limited to the following statements: 1) that Charles Henderson acted in the capacity of an officer and not in his individual capacity; and 2) that Charles Henderson "categorically" denied "all allegations of impropriety in this matter." (rec.doc. 20) However, as the litigation between plaintiff and Charles Henderson now has been completely resolved by a Consent Judgment without the admission of liability on Henderson's part,[2] and considering the contents of the answer itself, the court has determined that the answer, and any defenses contained therein, may now be treated as the separate answer of C Henderson Consulting, Inc.

Therefore, as C Henderson Consulting, Inc. previously was advised that it could not proceed without legal counsel; was given 30 days to retain counsel; and warned that failure to do so would result in its inability to defend itself against plaintiff's claims, but failed to

---

[2]*See,* rec. docs. 30, 31.

retain counsel, any defenses it may have had to the claims raised by plaintiff must be stricken.[3]

### *RECOMMENDATION*

It is therefore the recommendation of the magistrate judge that plaintiff's motion to strike the answer of C Henderson Consulting, Inc. be **GRANTED**, and that C Henderson Consulting, Inc.'s defenses to the claims raised by plaintiff be **STRICKEN** in their entirety.

Signed in Baton Rouge, Louisiana, on July 19, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[3] *See, Southwest Express Co., Inc. v. Interstate Commerce Commission*, 670 F.2d 53, 55-56 (5th Cir. 1982) (When a corporation fails to retain legal counsel to represent it, the court may strike its defenses if it is a defendant.)

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-258-BAJ-DLD** |
| **C HENDERSON CONSULTING, INC., CHARLES HENDERSON and RICHARD BELL** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 19, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**